AMÉRICO COLÓN, Plaintiff and Appellant, *v.* CENTRAL CAMBALACHE, Defendant and Appellee.

No. 9136. Argued April 23, 1945.—Decided June 22, 1945.

---

*Efraín Ramírez Ramírez* for appellant. *Eduardo Pérez Casalduc* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This appeal was taken from a judgment dismissing a complaint for recovery of wages. An order directing the stenographer to prepare the transcript of the evidence was timely sought and obtained. After several extensions for the filing of the transcript had been granted, the trial judge, on February 14, 1945, issued the following order:

"If the stenographer has received his fees, he should file the transcript within 20 days which shall not be extended."

Subsequently the appellant prayed for another extension and for leave to prosecute the appeal *in forma pauperis*. On March 15, 1945, the court granted an extension of 20 days and, as to the motion to sue *in forma pauperis*, it ordered that the petition be verified and notified to the stenographer in case of any objection. A few days later the defendant filed in this court a motion for the dismissal of the appeal for lack of diligence.

The appellant contends that this action has been prosecuted under the procedure established by Act No. 10 of November 14, 1917 (vol. II, p. 216), § 14 of which expressly provides "That no costs shall accrue in this class

of suits," and that therefore he is not bound to pay the stenographer's fees for the preparation of the transcript of the evidence.

In view of appellant's contention, we must first decide whether the stenographer's fees for the preparation of the transcript of the evidence are included in the term costs, as described in § 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 (Laws of 1936–37, p. 229),

Said Section provides as follows:

"The party in whose favor any final judgment or resolution is rendered shall be allowed costs, which shall comprise the following disbursements:

"(1) Any amount paid to the secretary of the court or to any district marshal;

"(2) Disbursements for such authentic copies of deeds and certificates of the registry of property or of any other official records as have been admitted in evidence;

"(3) Two (2) dollars for each witness and for each day of attendance at court, plus mileage in going from and returning to his residence;

"(4) The amount paid to the stenographer of the court for the transcription of any testimony of evidence or proceedings had in open court, if said transcription is ordered by the court;

"(5) Five (5) dollars for notary's fees and the fair value of the stenographic work in the taking of any deposition admitted in evidence; and

"(6) Any other disbursement which is necessarily made in connection with the proceedings in the case, as the court may deem proper, and which is subject to schedule.

"      *      *      *      *      *      *.

"The Supreme Court, in cases of rashness, shall impose costs on the party against whom judgment or decision is rendered, in addition to the costs in the district court, which costs shall comprise the following disbursements:

"(1) The stamp of five (5) dollars for appeal;

"(2) If the court feels that the appeal has been trivial or that the party has been rash, the court shall, in addition to the disbursements, impose such amount as it may deem reasonable for fees of the attorney for the party in whose favor judgment is rendered.

148

"In the discretion of the court, in cases involving public interest, in all extraordinary proceedings costs shall be taxed in the same form and manner as in proceedings on appeal."

None of the six subdivisions of § 327, copied above, expressly provides that the fees paid to the stenographer for the preparation of the transcript of the evidence are included in the costs which are imposed by the district courts on the defeated party. It is true that at first sight subdivision 4 seems to include in the term costs the fees for the transcript of the evidence, but upon a slight examination of this subdivision it will be seen that it refers exclusively to the "transcription of any testimony of evidence or proceedings had in open court," and not to the transcript of documentary evidence which is commonly presented in all cases. The phrase "transcript of the evidence" has had a definite meaning in our laws since 1917, when for the first time, that method of sending up the evidence to this court was authorized; and having that definite legal meaning, it would have been easy for the Legislature in 1917 to use the phrase "transcript of the evidence" had it intended to include it as costs under subdivision 4.

Subdivision 6 also refers in general terms to any other disbursement necessarily made in connection with the prosecution of the case, but it does not state that the fees for the transcript of the evidence should be included within the meaning of the phrase "Any other disbursement necessarily made in connection with the prosecution of the case." Moreover, from the context of the law it is clear that it was not the intention of the Legislature to include the transcript of the evidence as costs, for if such had been its intention, upon authorizing this court to impose costs, § 327 would not have included as the only costs, besides attorney's fees, a $5 stamp for appeal, in addition to the other costs in the district court.

The $5-stamp for the notice of appeal is a disbursement which takes place after the rendition of the judgment in the

lower court, like the disbursement of the fees for the transcript of the evidence. When the Act authorized this court to impose, as the only costs, *in addition to the costs in the district court,* the $5 Internal Revenue Stamp for the notice of appeal, the legislative intent was made clear in the sense that other disbursements made after the rendition of the judgment—which might be called costs on appeal—should not be included as part of the costs in the district court, for otherwise the $5 stamp for the notice of appeal would have to be paid twice; first as costs in the district court, and then as costs in the Supreme Court in case the latter should impose it. By excluding the fees for the transcript of the evidence from the costs which might be awarded by the Supreme Court, the Legislature evinced its intention that these disbursements should not be collected as costs, for the district court could not authorize the collection thereof as costs on appeal would be involved, nor could the Supreme Court collect them because of the limitation contained in said Section to impose as the only costs, the $5 stamp for the notice of appeal, and in case of a frivolous appeal or obstinacy on the part of the appellant, the imposition of attorney's fees.

Since the stenographer's fees do not constitute costs under § 327 of the Code of Civil Procedure, *Coll* v. *Biascoechea,* 53 P.R.R. 868 (1938), Act No. 10 of 1917 does not excuse the parties from the payment of stenographer's fees for the preparation of the transcript of the evidence.

█ But since the record discloses that at the time the motion for dismissal was filed, the district court was considering appellant's motion to sue *in forma pauperis,* and there appearing no order, if any was rendered, deciding said motion, the motion for dismissal is denied, without prejudice to reproduce it if, after denying the petition to sue *in forma pauperis,* the appellant fails to pay the stenographer's fees or to file the transcript of the evidence.